UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| 1) TIM BLEYTHING; and <br> 2) JAMIE BLEYTHING, <br><br> Plaintiffs, <br><br> v. <br><br> 3) NORTH AMERICAN VAN LINE, INC. <br> 4) A-1 FREEMAN MOVING & <br> STORAGE, LLC., <br><br> Defendants. | ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) Case No. 5:23-cv-00764-PRW <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) |

**DEFENDANTS NORTH AMERICAN VAN LINE, INC'S AND A-1 FREEMAN MOVING & STORAGE, LLC'S MOTION TO DISMISS PLAINTIFFS' COMPLAINT AND BRIEF IN SUPPORT**

COMES NOW Defendants, North American Van Line, Inc. ("NAVL") and A-1 Freeman Moving & Storage, LLC ("A-1"), pursuant to Fed. R. Civ. P. 12(b)(6), and file this *Motion to Dismiss Plaintiffs' Complaint*. All of Plaintiff's state law claims are wholly preempted by the Carmack Amendment to the Interstate Commerce Act, 49 U.S.C. § 14706 and should, therefore, be dismissed.

**STATEMENT OF FACTS**

1. On May 15, 2023, Plaintiffs Tim and Jamie Bleything ("Plaintiffs") filed a Petition in the District Court of Oklahoma County, State of Oklahoma, against Defendants North American Van Line, Inc. ("NAVL"), and A-1 Freeman Moving & Storage, LLC ("A-1"). The case was assigned Case No. CJ-2023-2780.

2. The Petition and civil summons was served on NAVL and A-1 on August

1

10, 2023.

3. On August 30, 2023, Defendants NAVL and A-1 timely removed to this Court.

4. Plaintiffs allege in their Petition certain facts of which are disputed by NAVL and A-1, but solely for the purposes of this Motion are assumed to be true.[1]

5. Plaintiffs allege that in or around September 2021, Plaintiffs Bleything hired Defendant NAVL and A-I to move their personal property from Edmond, Oklahoma to St. Augustine, Florida. *Petition* ¶ 8-9.

6. Plaintiffs allege that on or about September 7, 2021, Defendants "began the process of loading and transporting" their property to their Florida home. *Id*. at ¶ 11.

7. Plaintiffs allege that on or around September 16, 2021, Defendants completed delivery their property. They further allege that they were charged $37,484.15 for these services provided by Defendants. *Id.* at ¶ 12.

8. This service was done by Defendants, who are interstate motor carriers, under a Bill of Lading signed by Plaintiffs. *See* Bill of Lading*, attached hereto as* Exhibit 1.[2]

---

[1] In filing this *Motion to Dismiss*, Defendants do not waive any of their defenses pursuant to Fed. R. Civ. P. 12.

[2] In motions to dismiss, courts may review "documents incorporated by reference in the complaint; documents referred to in and central to the complaint, when no party disputes its authenticity." *Berneike v. CitiMortgage, Inc.*, 708 F.3d 1141, 1146 (10th Cir. 2013)(internal citations omitted). "If a plaintiff does not incorporate by reference or attach a document to its complaint, but the document is referred to in the complaint and is central to the plaintiff's claim, a defendant may submit an indisputably authentic copy to the court to be considered on a motion to dismiss." *GFF Corp. v. Associated Wholesale Grocers, Inc.*, 130 F.3d 1381, 1384 (10th Cir. 1997). As the Bill of Lading is the document that

9. Plaintiffs allege that after delivery, they "discovered that approximately eighteen items of personal property had been broken or destroyed while in the possession of Defendants." Petition at ¶ 13. They further allege that certain items had not been delivered. *Id.* at ¶ 14.

10. Plaintiffs allege that Defendants were negligent in transporting their property interstate. *Id.* at ¶ 17.

11. Plaintiffs further allege that Defendants converted their property by failing to deliver it. *Id.* at ¶ 20.

12. Plaintiffs allege that they have sustained damage, including but not limited to property damage, in an amount in excess of $18,589.00. *Id.* at ¶ 15.

## ARGUMENT AND AUTHORITIES

"A motion to dismiss for failure to state a claim admits the factual allegations of the complaint, though not its conclusory allegations." *Callaway v. United States*, 568 F.2d 684, 685 (10th Cir. 1978)(citations omitted). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "[I]t must appear beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. *Mitchell v. King*, 537 F.2d 385, 386 (10th Cir. 1976). Because of the sweeping nature of the Carmack

---

evidences the parties' relationships with each other, it is central to the complaint. Further, there is no allegation that the Bill of Lading, signed by Plaintiffs, is not authentic.

Amendment to the Interstate Commerce Act preempts all of Plaintiffs' state law claims, there is no set of facts that would entitle them to relief and this motion must be granted.

**PROPOSITION I**: **FEDERAL LAW PREEMPTS STATE LAW.**

State common and statutory law are preempted by federal law when Congress expressly provides that federal law supplants state authority in a particular field, or when Congress' intent to do so may be inferred from a pervasive system of regulation which does not leave a sufficient vacancy within which any state can act. *See e.g., Rice v. Santa Fe Elevator Corp.,* 331 U.S. 218, 230 (1947); *Underwriter at Lloyds of London v. North American Van Lines, Inc.,* 890 F.2d 1112. (10th Cir.1989).

**PROPOSITION II: THE CARMACK AMENDMENT PREEMPTS ALL OF PLAINTIFFS' CLAIMS.**

The Carmack Amendment to the Interstate Commerce Act, 49 U.S.C. § 14706 (formerly 49 U.S.C. § 11707) was enacted by Congress to provide a federal, uniform way for shippers to recover damages for goods lost or damaged in interstate transit. 49 U.S.C. § 14706; *United Van Lines, LLC v. Marks*, 404 F.Supp.2d 954, 957-8 (S.D.Tex.2005); *Hoskins v. Bekins Van Lines*, 343 F.3d 769, 778 (5th Cir.2003). As a result, the Carmack Amendment is "the exclusive cause of action for loss or damages to goods arising from the interstate transportation of those goods by [a] carrier." *Hoskins*, 343 F.3d at 778; *see also Certain Underwriters at Int. at Lloyds of London v. United Parcel Serv. of Am., Inc.*, 762 F.3d 332, 337 (3d Cir. 2014)(holding that state law breach of contract, negligence, and conversion claims are preempted);*Underwriters at Lloyds of London v. North Am. Van*

*Lines*, 890 F.2d 1112, 1113 (10th Cir.1989). The Carmack Amendment states in pertinent part:

> A carrier providing transportation or service subject to jurisdiction under . . . [49 U.S.C. §13501 or §13531] [governing motor carriers] . . . shall issue a receipt or bill of lading for the property it receives for transportation under this part.  That carrier and any other carrier that delivers the property and is providing transportation or service subject to jurisdiction . . . [49 U.S.C. §13501] . . . are liable to the person entitled to recover under the receipt or Bill of Lading.  The liability imposed under this paragraph is for the actual loss or injury to the property caused by (A) the receiving carrier, (B) the delivering carrier, or (C) another carrier over whose line or who the property is transported in the United States. . . .

49 U.S.C. §14706(a)(1).

The United States Supreme Court has long interpreted the Carmack Amendment as manifesting Congress' intent to create a national scheme of carrier liability for goods allegedly damaged or lost during interstate transport under a valid interstate Bill of Lading. In *Adams Express Co. v. Croninger*, 226 U.S. 491 (1913), the Supreme Court held that the Carmack Amendment superseded all regulations and policies of a particular state.  In so holding, the Court adopted an expansive description of the scope of the Carmack Amendment:

> Almost **every detail of this subject** [of the liability of a common carrier] **is covered so completely** [by the Carmack Amendment] **that there can be no rational doubt but that Congress intended to take possession of the subject and supersede all state regulation with reference to it**. . . . it has been argued that the non-exclusive character of this regulation is manifested by the proviso that of this section, and that state regulation upon the same subject is not superseded, and that the holder of any such bill of lading may resort to any right of action against such a carrier conferred by existing state law.

> This view is untenable. It will result in the nullification of the regulation of a national subject and operate to maintain the confusion of the diverse regulation which it was the purpose of congress to put an end to.

*Adams*, 226 U.S. at 505-506 (emphasis added).

Therefore, the Carmack Amendment preempts Plaintiffs' all claims related to Defendants' transportation (or the alleged failure to deliver based on conversion) of Plaintiffs' personal property. "Transportation" with respect to the Carmack Amendment is defined in 49 U.S.C. §13102 as follows:

> **(23) Transportation.** --The term "transportation" includes—
>
> **(A)** a motor vehicle, vessel, warehouse, wharf, pier, dock, yard, property, facility, instrumentality, or equipment of any kind related to the movement of passengers or property, or both, regardless of ownership or an agreement concerning use; and
>
> **(B)** services related to that movement, **including arranging for**, receipt, **delivery**, elevation, transfer in transit, refrigeration, icing, ventilation, storage, **handling**, **packing**, **unpacking**, and interchange **of** passengers and **property**.

(emphasis added).

Plaintiffs' Causes of Action allege liability against Defendants based on the alleged damage to Plaintiffs' personal property after interstate shipment and alleged loss of items after the same.

In *Underwriters at Lloyds of London v. North American Van Lines, Inc.*, 890 F.2d 1112 (10th Cir.1989), the United States Court of Appeals for the Tenth Circuit addressed state and common law negligence claims and concluded that the Carmack Amendment preempted the Plaintiff's state law claims. There, certain personal property was shipped

from Colorado to Texas. The shipment was destroyed or damaged in transit. The carrier was sued for damages to the interstate shipment based upon negligence. After a detailed discussion of the Carmack Amendment, and its preemptive efforts, the Court concluded that three (3) prior contrary decisions should be overruled and that the Carmack amendment preempted Plaintiff's state law claims stating:

> Having reconsidered the history and judicial interpretations of the statute, we now hold that the Carmack Amendment preempts state common law remedies against common carriers for negligent loss or damage to goods shipped under a lawful bill of lading. To the extent that our previous decisions in *Reed v. Aaacon Transportation, Inc.*, 637 F.2d 1302 (10th Cir.1981); *Litvak Meat Co. v. Baker*, 446 F.2d 329 (10th Cir. 1971); and *L.E. Whitlock Truck Serv., Inc. v. Regal Drilling Co.*, 333 F.2d 488 (10th Cir. 1964), hold or state to the contrary, they are overruled. . . .

*Underwriters*, 890 F.2d at 1121.

The *Underwriters* Court noted that every Circuit that had then considered this issue concluded that the Carmack Amendment preempt a shipper's state and common law claims pertaining to goods lost or damaged by a carrier under a valid bill of lading. *Id.* at 1120-1121 (collecting cases).[3] In fact, the United States District Court for the Western District

---

[3] Defendants direct the court to: *Intech, Inc. v. Consolidated Freightways*, Inc., 836 F.2d 672, 677 (1st Cir.1987)(stating that "the Carmack Amendment provides the exclusive remedy" for "an action for damages against the delivering carrier"); *Hughes v. United Van Lines, Inc.*, 829 F.2d 1407, 1415 (7th Cir.1987)("We reject the plaintiff's argument and their reliance on the [now overruled] cases of the Tenth Circuit and hold that the remedy provision of the Carmack Amendment preempts all state and common law remedies inconsistent with the Interstate Commerce Act...."); *Hopper Furs, Inc. v. Emery Air Freight Corp.*, 749 F.2d 1261, 1264 (8th Cir.1984)("A shipper who brings a negligence action may not recover in excess of the amount specified in the receipt or bill of lading"); *Air Products & Chemicals, Inc. v. Illinois Cent. Gulf R.R. Co.*, 721 F.2d 483, 487 (5th Cir.1983)("As the authorities previously noted hold, Congress intended by the Carmack Amendment to

of Oklahoma has found similarly as it relates to state and common law causes of action for breach of contract and negligence. In *Clair v. Emrick's Van and Storage Company*, 33 F.Supp.2d 965 (W.D.Okla.1999), the Court stated that:

> The Court therefore finds Clair's claims for breach of contract and negligence are preempted by the Carmack Amendment to the Interstate Commerce Act, and holds that Clair's rights and obligations and these defendant's obligations and liabilities will be determined in accordance with the Carmack Amendment and case law interpreting the same.

*Clair*, 33 F.Supp.2d at 967 (internal citations omitted). Later Western District of Oklahoma cases have held the same. *See Potts v. OK Transfer & Storage, Inc.*, No. CIV-07-1274-D, 2008 WL 2404758, at *1 (W.D. Okla. June 11, 2008)(Plaintiff's claims related to negligence, loss of property, damage to property, and breach of contract were preempted); *Radial Engines, Ltd. v. YRC Freight, Inc.*, No. CV-19-00841-PRW, 2021 WL 665536, at *1 (W.D. Okla. Feb. 19, 2021)("the Carmack Amendment completely preempts state law on the subject of carrier liability for goods lost or damaged in shipment under a bill of lading").

---

provide a uniform national remedy against carriers for breach of the contract of carriage, including a liability for default in any common-law duty as a common carrier"); *Millers Mut. Ins. Ass'n of Ill. v. Southern Ry. Corp.*, 483 F.2d 1044, 1049 (4th Cir.1973) (stating that the court was inclined to accept the preemption argument, although not called upon to decide the issue in that case); *Fulton v. Chicago Rock Island & Pac. R.R. Co.*, 481 F.2d 326, 331 (8th Cir.)("[W]e agree that the Carmack Amendment has preempted suits in specific negligence by holders of bills of lading against their carriers."); *American Synthetic Rubber Corp. v. Louisville & Nashville R.R. Co.*, 422 F.2d 462, 466, 468 (6th Cir.1970)("These cases make it clear that when damages are sought against a common carrier for failure to properly perform, or for negligent performance of, an interstate contract of carriage, ... a tort action does not lie."); *United States v. Reading Co.*, 289 F.2d 7, 9 (3d Cir.1961)(presuming that an action for negligence would be brought under the Carmack Amendment, which "codifies the common law rule of a carrier's liability").

The scope of federal preemption captures claims involving *any* failure on the part of the motor carrier to fulfill its obligations under the bill of lading contract, meaning *all* of Plaintiffs' claims are preempted, not simply their negligence claim. In *American Ry. Express Co. v. Levee*, 263 U.S. 19 (1923), the Supreme Court of the United States held that a state court action for conversion was preempted by the Carmack Amendment by a failure to deliver goods. Likewise, in *Certain Underwriters at Interest at Lloyds of London v. United Parcel Service,* 762 F.3d 332 (3d Cir.2014), the Court found that the Carmack Amendment preempted plaintiff's claim for conversion in addition to its negligence claim, *inter alia*.

There, the shipper tendered to UPS seven shipments of coins and special metals worth $150,000 which were never delivered. Plaintiff, the shipper's insurer under subrogation, alleged that UPS or its employees/agents/servants unlawfully took, stole or obtained the shipments by fraud or deception. The Court, after finding that state law breach of contract and negligence claims were preempted, held that state law conversion claims are likewise preempted…" 762 F.3d at 336 (citing *Levee,* 263 U.S. at 21 and *Underwriters at Lloyds of London v. N. Am. Van Line,* 890 F.2d at 1116). The Court found that, where a shipment is converted but the carrier does not benefit, conversion is preempted by the Carmack Amendment. *Id.* at 337 (citing *Levee,* 263 U.S. at 20-21).[4]

---

[4] In cases where a shipment is converted and the carrier—not its employees or third parties—benefit, some courts have periodically found an exception to preemption rule, called the "true conversion" exception. *Id*.

9

However, although Plaintiffs have alleged, in a conclusory manner, that Defendants have converted their items for their own benefit [*see* Petition, ¶ 20], this same Court still found that preemption applies and any alleged 'exception' to preemption where the carrier does benefit doesn't, and shouldn't, exist. The Third Circuit explained,

> While some courts have spoken of the exception as simply "vitiat[ing] limits on liability," *see Deiro v. Am. Airlines, Inc.*, 816 F.2d 1360, 1366 (9th Cir.1987), others have noted that an allegation of true conversion may permit a state law conversion action to proceed despite the Carmack Amendment. **We hold that the true conversion exception does not detract from the Carmack Amendment's preemptive force and is an exception only to its liability limiting provisions**. Viewing the exception as an exception to Carmack preemption would be contrary to Supreme Court precedent, which explicitly indicates that conversion actions are preempted.

*United Parcel Serv.*, 762 F.3d at 337 (3d Cir. 2014).

As stated *supra*, the Carmack Amendment provides the *exclusive* remedy for claims for damages resulting from goods lost or damaged by a carrier under a valid bill of lading. *Hoskins*, 343 F.3d at 778. "The preemptive effect of [the Carmack Amendment] cannot be overcome simply by characterizing the loss as a conversion or as some other tort." *Aircraft Instrument & Radio, Co. v. United Parcel Serv., Inc.*, 117 F. Supp. 2d 1032, 1035 (D. Kan. 2000). Indeed, "[t]he Supreme Court could not have been clearer: the Carmack Amendment preempts state law conversion actions." *United Parcel Serv.*, 762 F.3d at 338 (3d Cir. 2014). *See also Georgia, F. & A. Ry. Co. v. Blish Milling Co.*, 241 U.S. 190, 196 (1916). Thus, the entirety of Plaintiffs' Petition should be dismissed.

**PROPOSITION III: DEFENDANT A-1 HAS NO SEPARATE LIABILITY AND NOT LIABLE AS A DISCLOSED HOUSEHOLD GOODS AGENT.**

Notwithstanding all claims are preempted by the Carmack Amendment and must be dismissed, A-1 is not liable under other grounds and all claims related to it must be dismissed.

Per Exhibit 1, A-1 is NAVL's disclosed household goods agent for NAVL. However, NAVL is liable for the acts and/or omissions of its disclosed household goods agents, i.e. A-1. 49 U.S.C.A. § 13907 lays it out in operative part,

> Each motor carrier providing transportation of household goods shall be responsible for all acts or omissions of any of its agents which relate to the performance of household goods transportation services (including accessorial or terminal services) and which are within the actual or apparent authority of the agent from the carrier or which are ratified by the carrier.

*Id*. at (a).

It cannot be disputed that Plaintiffs hired NAVL and its household goods agent to transport household goods[5] when it moved the personal property and effects of Plaintiffs from Oklahoma to Florida. *See* Petition at ¶ 8. Further, Plaintiffs' Complaint makes no allegations of liability against A-1 independent from its role as agent for NAVL under the Interstate Commerce Act.

---

[5] Household goods is defined by the 1994 version of 49 U.S.C.A. § 10102(11), effective in 1995, which states that household goods are "personal effects and property used or to be used in a dwelling when a part of the equipment or supply of such dwelling and such other similar property as the Commission may provide by regulation…"

The law is well established that the agent of a disclosed principal cannot be held liable pursuant to an issued Bill of Lading. Indeed, "[n]ot only does the statutory language impose liability on a motor carrier for the acts and omissions of the carrier's agent, but case law holds that the agent of a disclosed principal cannot be held liable pursuant to a duly issued bill of lading contract." *Werner v. Lawrence Transp. Sys., Inc.*, 52 F. Supp. 2d 567, 568 (E.D.N.C. 1998). *See, e.g., Lake City Stevedores, Inc. v. E.-W. Shipping Agencies, Inc.*, 474 F.2d 1060, 1063 (5th Cir. 1973); *Seguros Banvenez, S.A. v. S/S Oliver Drescher*, 761 F.2d 855, 860 (2d Cir. 1985); *O'Donnell v. Earle W. Noyes & Sons*, 98 F. Supp. 2d 60, 63 (D. Me. 2000) (defendant-agent's status as disclosed agent of common carrier was determinative in finding no liability could be held against it); *Nichols v. Mayflower Transit, LLC*, 368 F. Supp. 2d 1104, 1109 (D. Nev. 2003); *Marks v. Suddath Relocation Sys., Inc.*, 319 F. Supp. 2d 746, 752 (S.D. Tex. 2004); *Moore v. La Habra Relocations, Inc.*, 501 F. Supp. 2d 1278, 1280 (C.D. Cal. 2007); *Oliver v. Atlas Van Lines, Inc.*, 504 F. Supp. 2d 1213, 1216 (N.D. Ala. 2007).

NAVL issued a Bill of Lading for the interstate transportation of Plaintiffs' household goods, and A-1 is identified as its disclosed household goods agent. Plaintiffs do not allege an independent basis for liability against A-1 outside of its role as disclosed household goods agent. Under the Carmack Amendment, NAVL is the only proper defendant and all claims against A-1 must be dismissed.

WHEREFORE Defendants North American Van Line, Inc. and A-1 Freeman Moving & Storage, LLC pray for an order of this court dismissing all of Plaintiffs' claims.

Respectfully submitted,

DOERNER, SAUNDERS, DANIEL
 & ANDERSON, L.L.P.

*s/ Stuart D. Campbell*
Stuart D. Campbell, OBA #11246
700 Williams Center Tower II
Two West Second Street
Tulsa, Oklahoma 74103-3522
Telephone 918-582-1211
Facsimile 918-591-5360
scampbell@dsda.com

Kaylee Davis-Maddy, OBA No. 31534
210 Park Avenue, Suite 1200
Oklahoma City, OK 73102
Telephone (405) 319-3513
Facsimile (405) 319-3524

*Attorneys for Defendants North American Van Line, Inc. and A-1 Freeman Moving & Storage, LLC.*

**CERTIFICATE OF SERVICE**

      I hereby certify that, on September 6, 2023, a true and correct copy of the foregoing document was served upon the following via the Court's electronic notification system, electronic mail, and/or U.S. Mail, postage prepaid:

> Alan W. Bardell
> Tanner B. France
> HAYES MAGRINI GATEWOOD
> 1220 N. Walker Avenue
> Oklahoma City, OK 73103
> Telephone: 405-235-9922
> Facsimile: 405-235-6611
> Email: abardell@hmglawyers.com
>         tfrance@hmglawyers.com

        *s/ Stuart Campbell*
        *Attorneys for Defendants North American Van Line, Inc. and A-1 Freeman Moving & Storage, LLC*

8054886.1