IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| 1) TIM BLEYTHING; and, <br> 2) JAMIE BLEYTHING, <br><br> Plaintiffs, <br><br> v. <br><br> 3) NORTH AMERICAN VAN LINE, INC. <br> 4) A-1 FREEMAN MOVING & <br>    STORAGE, LLC., <br><br> Defendants. | Case No. 5:23-cv-00764-PRW |

**TIM BLEYTHING'S AND JAMIE BLEYTHING'S
OBJECTION AND RESPONSE TO NORTH AMERICAN VAN LINE, INC'S
AND A-1 FREEMAN MOVING AND STORAGE, LLC'S MOTION TO DISMISS
AND BRIEF IN SUPPORT**

Plaintiffs, Tim Bleything and Jamie Bleything (collectively "Plainitffs"), hereby oppose the Motion to Dismiss filed by Defendants North American Van Line, Inc ("NAVL") and A-1 Freeman Moving & Storage, LLC ("A-1") (collectively "Defendants"). In further support of this Objection and Response, Plaintiffs state as follows:

**INTRODUCTION**

Defendants contend that Plaintiffs' Petition should be dismissed on the basis that Plaintiffs' claims for breach of contract and conversion are preempted by the 49 U.S.C. § 14706 (commonly referred to as the "Carmack Amendment"). Defendants position is incorrect. Assuming *arguendo* that Plaintiffs' state law claims are preempted by the Carmack Amendment, Plaintiffs have pled facts sufficient to support a claim under the Carmack Amendment. For this reason Defendants' Motion to Dismiss should be denied.

This is a simple case involving damage to Plaintiffs personal property. As such, Plaintiffs initially filed the instant action in the District Court of Oklahoma County alleging negligence and conversion claims against Defendants. On or around August 30, 2023, Defendants removed the instant action to this Court on basis of federal question jurisdiction. Specifically, Defendants alleges that the instant action and Defendants' liability is governed exclusively by the 49 U.S.C. § 14706 (commonly referred to as the "Carmack Amendment").

On or around September 6, 2023, NAVL filed this Motion to Dismiss alleging that Plaintiffs' state law claims are preempted by the Carmack Amendment; and thus, should be dismissed. However, as stated in more detail below, Plaintiffs have pled facts sufficient to support a claim under the Carmack Amendment.

## STATEMENT OF FACTS

1.  In 2021, Plaintiffs resided in Edmond, Oklahoma. [Dkt. 1-1, Paragraphs 7].

2.  In September 2021, Plaintiffs purchased a home in St. Augustine, Florida, which necessitated moving their personal property across the country. As a result, Plaintiffs were required to hire a professional moving service to effectuate their move. [Dkt. 1-1, Paragraph 8].

3.  The Plaintiffs entered into an agreement with Defendants, wherein Defendants agreed to move certain personal property belonging to Plaintiffs from their residence in Edmond, Oklahoma to their recently purchased residence located in St. Augustine, Florida. [Dkt. 1-1, Paragraph 9].

4.  The personal property belonging to Plaintiffs consisted, in part, of collectible

items, which had significant monetary and sentimental value to Plaintiffs. [Dkt. 1-1, Paragraph 10].

5. On or around September 7, 2021, Defendants began the process of loading and transporting Plaintiffs' personal property to Plaintiffs' home in St. Augustine, Florida. [Dkt. 1-1, Paragraph 11].

6. On or around September 16, 2021, Defendants completed delivery of Plaintiffs' personal property. Plaintiffs were charged approximately $37,484.15 for the packing and transporting services provided by Defendants. [Dkt. 1-1, Paragraph 12].

7. Upon delivery of their personal property, Plaintiffs discovered that approximately eighteen items of personal property had been broken or destroyed while in possession of Defendants. [Dkt. 1-1, Paragraph 13].

8. Plaintiffs further discovered that Defendants had failed to deliver numerous other items of personal property, which are valued at over $1,300.00. [Dkt. 1-1, Paragraph 14].

9. Plaintiffs have sustained significant damage, including but not limited to property damage, in an amount in excess of $18,589.00. [Dkt. 1-1, Paragraph 15].

## LEGAL ARGUMENTS AND AUTHORITIES

**PROPOSITION I:  STANDARD OF REVIEW**

A complaint may be dismissed only if it "fail[s] to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). To satisfy this standard, a complaint only needs to include a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "[A] complaint attacked by a Rule 12(b)(6) motion to

dismiss does not need detailed factual allegations." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 545 (2007). In determining whether a complaint meets this standard, the court should "view [] the well-pleaded factual allegations in the complaint as true," and interpret them "in the light most favorable to the nonmoving party." *MacArthur v. San Juan County*, 497 F.3d 1057, 1064 (10th Cir. 2007). A well plead complaint may proceed even if "proof of [a complaint's] facts is improbable" and "recovery is very remote and unlikely." *Twombly*, 550 U.S. at 556.

### PROPOSITION II: PLAINTIFFS HAVE PLED FACTS SUFFICIENT TO SUPPORT A CARMACK AMENDMENT CLAIM

Plaintiffs recognize that the Carmack Amendment governs their conversion and negligence claims for property damage. However, Plaintiffs' Petition states a valid claim under the Carmack Amendment. A claim under the Carmack Amendment requires only three basic elements be pled: (1) delivery of the property to the carrier in good condition; (2) arrival of the property at the destination in damaged or diminished condition; and, (3) the amount of plaintiffs' damages. *Mercer Transp. Co. v. Greentree Transp. Co.*, 341 F.3d 1192, 1196 (10th Cir. 2003). Plaintiffs' Petition sets forth these elements.

Plaintiffs' Petition specifically states that: (1) Plaintiffs entered into an agreement with Defendants, wherein Defendants agreed to move certain personal property belonging to Plaintiffs from their residence in Edmond, Oklahoma to their recently purchased residence located in St. Augustine, Florida; (2) On or around September 7, 2021, Defendants began the process of loading and transporting Plaintiffs' personal property to Plaintiffs' St. Augustine home; (3) On or around September 16, 2021, Defendants

completed delivery of Plaintiffs' personal property; (4) Upon delivery of their personal property, Plaintiffs discovered that approximately eighteen items of personal property had been broken or destroyed while in possession of Defendants; (5) Plaintiffs further discovered that Defendants had failed to deliver numerous items; and, (6) Plaintiffs have sustained property damage in an amount in excess of $18,589.00.

As stated above, Plaintiffs' Petition states a valid claim for damages under the Carmack Amendment. Accordingly, dismissal of the common law negligence and conversion claims should not result in complete dismissal of Plaintiffs' claim for property damaged in transit. Instead, Plaintiffs' Petition should be read to state a Carmack Amendment claim. *See Radial Engines, Ltd v. YRC Freight, Inc.*, 2021 WL 665536, *2 (W.D. Okla. 2021) (Finding it unnecessary to expressly assert a Carmack Amendment claim so long as the Petition states facts necessary to establish a prima facie claim.); *see also Wise v. Wheaton Van Lines, Inc.*, 2010 WL 1489901, *1 (E.D. Mo. 2010) (Finding that although an amended complaint did not specifically mention the Carmack Amendment, it had sufficiently pled a Carmack Amendment claim because it alleged the elements of such a claim.)

Alternatively, Plaintiffs should be permitted leave to file an amended complaint to plead their claim more specifically under the Carmack Amendment. Such an amendment would not prejudice Defendants, given that Defendants have been apprised from the beginning regarding the basis for this lawsuit[1].

---

[1] Fed R. Civ. P. 15(a) states that leave to amend "shall be freely given when justice so requires." Indeed, under Rule 15(a), leave to amend will ordinarily be denied only upon a

## CONCLUSION

Plaintiffs have pled facts sufficient to prove a prima facie claim under the Carmack Amendment. As a result, Defendants Motion to Dismiss for failure to state a claim should be denied. Alternatively, Plaintiffs should be permitted leave to plead their claim more specifically under the Carmack Amendment.

Respectfully submitted,

s/ Alan W. Bardell
Alan W. Bardell, OBA #17415
Tanner B. France, OBA #33171
1220 North Walker
Oklahoma City, Oklahoma 73103
Telephone:   (405) 235-9922
Facsimile:   (405) 235-6611
E-Mail:      abardell@hmglawyers.com
             tfrance@hmglawyers.com

*Attorneys for Plaintiffs, Tim and Jamie Bleything*

---

finding of one or more of the following factors: (1) Undue delay; (2) bad faith or dilatory motive on the part of the movant; (3) repeated failure to cure deficiencies by amendments previously allowed; (4) undue prejudice to the opposing party; and, (5) futility of the amendment. *Holt v. WCR Enterprises*, 2006 WL 8436589, *1 (W.D. Okla. 2006).

**CERTIFICATE OF SERVICE**

      I certify on October 9, 2023, a true and correct copy of the above and foregoing was transmitted via the ECF filing system to:

Stuart D. Campbell, OBA No. 11246
Doerner, Saunders, Daniel & Anderson, L.L.P.
700 Williams Center Tower II
Two West Second Street
Tulsa, Oklahoma 74103-3522
Telephone: 918-582-1211
E-Mail: scampbell@dsda.com


Kaylee Davis-Maddy, OBA No. 31534
210 Park Avenue, ,Suite 1200
Oklahoma City, OK 73102
Telephone: 405-319-3513
E-Mail: kmaddy@dsda.com

*Attorneys for Defendants,*
*North American Van Line, Inc. and*
*A-1 Freeman Moving & Storage, LLC*

                                  s/ Alan W. Bardell
                                  Alan W. Bardell