## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| TIM BLEYTHING and JAMIE BLEYTHING, | ) ) ) |
| Plaintiffs, | ) ) ) |
| v. | ) ) Case No. CIV-23-00764-PRW ) |
| NORTH AMERICAN VAN LINE, INC. and A-1 FREEMAN MOVING & STORAGE, LLC, | ) ) ) ) ) |
| Defendants. | ) ) |

### ORDER

Before the Court is Defendants' Motion to Dismiss (Dkt. 6); Plaintiffs' Response (Dkt. 9); and Defendants' Reply (Dkt. 10). Having considered the pleadings and applicable legal authorities, the Court **GRANTS in part** and **DENIES in part** the Motion (Dkt. 6).

### *Background*

This case is about alleged damages sustained to personal property during a cross-country move. In September 2021, Oklahoma residents Tim and Jamie Bleything purchased a home in Florida. (Dkt. 1-1). They entered into an agreement with Defendants to transport their personal property to Florida. Defendants began loading and transporting the Bleythings' property around September 7, 2021, and completed delivery around September 16, 2021. Upon delivery, the Bleythings allegedly discovered that several items "had been broken or destroyed while in the possession of the defendants." (*Id.* ¶ 13). On May 15, 2023, the Bleythings sued Defendants for negligence and conversion in the

1

District Court of Oklahoma County, and Defendants removed the case to this Court on August 30, 2023. (Dkt. 1).

Defendants now move to dismiss the claims, arguing that 49 U.S.C. § 14706 (the "Carmack Amendment") preempts the Bleythings' state-law causes of action. Also, Defendants argue that the Bleythings' claims against Defendant A-1 Freeman Moving & Storage, LLC, ("A-1") fail as a matter of law because it acted as a disclosed agent of Defendant North American Van Line, Inc. ("NAVL").

## *Legal Standard*

In reviewing a Fed. R. Civ. P. 12(b)(6) motion to dismiss, the Court must satisfy itself that the pleaded facts state a claim that is plausible.[1] All well-pleaded allegations in the complaint must be accepted as true and viewed "in the light most favorable to the plaintiff."[2] Additionally, the Court must "draw all reasonable inferences in favor of the non-moving party[.]"[3] While factual allegations are taken as true, a court need not accept mere legal conclusions.[4] "Labels and conclusions" or "a formulaic recitation of the elements of a cause of action" are not enough to state a claim.[5]

---

[1] *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

[2] *Alvarado v. KOB-TV, L.L.C.*, 493 F.3d 1210, 1215 (10th Cir. 2007) (quoting *David v. City & Cnty. of Denver*, 101 F.3d 1344, 1352 (10th Cir. 1996)).

[3] *Doe v. Woodard*, 912 F.3d 1278, 1285 (10th Cir. 2019) (citation omitted).

[4] *Khalik v. United Air Lines*, 671 F.3d 1188, 1190–91 (10th Cir. 2012).

[5] *Id.* (internal quotation marks omitted) (quoting *Twombly*, 550 U.S. at 555).

*Analysis*

**I.      The Carmack Amendment preempts the Bleythings' state-law claims.**

The Bleythings grant that the Carmack Amendment completely preempts their state-law claims, but they argue that their petition should be converted into a cause of action arising under the Carmack Amendment.[6] And the Defendants are wrong when they argue that the fact that the Bleythings' Petition does not expressly state that they are asserting a claim under the Carmack Amendment prevents such a conversion. "The federal rules effectively abolish the restrictive theory of the pleadings doctrine, making it clear that it is unnecessary to set out a legal theory for the plaintiff's claim for relief."[7] Accordingly, the narrow inquiry is whether the Bleythings stated the facts necessary to show a prima facie Carmack Amendment claim. To do so, a plaintiff must demonstrate (1) that they delivered the property to a carrier in good condition; (2) that the property arrived to the destination in damaged condition; and (3) the amount of their damages.[8]

The Petition plainly sets out each element.[9] Defendants contend that the Bleythings do not allege delivery in good condition to the carrier.[10] But the Petition asserts that

---

[6] *See* Pls.' Resp. (Dkt. 9), at 4 ("Plaintiffs recognize that the Carmack Amendment governs the conversion and negligence claims for property damage.").

[7] *See* 5 Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1219 (3d ed. 2020); *see also Johnson v. City of Shelby*, 574 U.S. 10, 11 (2014) (The Federal Rules of Civil Procedure "do not coucarmntenance dismissal of a complaint for imperfect statement of the legal theory supporting the claim asserted." (citations omitted)).

[8] *Mo. Pac. R. Co. v. Elmore & Stahl*, 377 U.S. 134, 138 (1964); *see also* 49 U.S.C. § 14706(d)(1)–(2).

[9] *See* Pet. (Dkt. 1-1, Ex. 1), at 2.

[10] Defs.' Reply (Dkt. 10), at 2 n.1.

"eighteen items of personal property had been broken or destroyed while in the possession of Defendants" and "Defendants had failed to deliver numerous bottles of rare liquor."[11] This gives rise to the reasonable inference that those eighteen items were not destroyed or broken when the Bleythings delivered them and the rare liquor was not missing.

Because the Bleythings' state-law claims fail as a matter of law, the Court **DISMISSES** the negligence and conversion claims. But the Bleythings have stated a claim under the Carmack Amendment.

## II. The Bleythings waive any response to Defendants' contention that their claims against A-1 fail as a matter of law.

Defendants argue that the Bleythings' claims against A-1 fail because it is NAVL's disclosed household goods agent, so NAVL is liable for A-1's actions.[12] The Bleythings did not respond to this argument. "Courts routinely deem an issue 'waived' when a party fails to respond to a movant's substantive argument."[13] Accordingly, the Court finds that the Bleythings have conceded this argument and **DISMISSES** their claims against A-1.

Even if the Bleythings hadn't waived the issue, the Court finds that their claims against A-1 fail as a matter of law. Under Title 49 U.S.C. § 13907(a),

> [e]ach motor carrier providing transportation of household goods shall be responsible for all acts or omissions of any of its agents which relate to the performance of household goods transportation services (including

---

[11] Pet. (Dkt. 1-1, Ex. 1), ¶13.

[12] *See* Defs.' Mot. (Dkt. 6), at 11.

[13] *Northcutt v. Fulton*, No. CIV-20-885-R, 2020 WL 7380967, at *2 (W.D. Okla. Dec. 15, 2020) (collecting cases); *see also Cigar Box, LLC v. Houston Specialty Ins. Co.*, 685 F. Supp. 3d 1269, 1279 (W.D. Okla. 2023) (collecting cases).

4

accessorial or terminal services) and which are within the actual or apparent authority of the agent from the carrier or which are ratified by the carrier.

Thus, "the agent of a disclosed principal cannot be held liable pursuant to a duly issued bill of lading contract."[14]

Defendants attach a bill of lading signed by the Bleythings, which identifies A-1 as NAVL's agent.[15] Generally, courts may not consider materials outside of the complaint on a motion to dismiss, but they "may consider documents referred to in the complaint if the documents are central to the plaintiff's claim and the parties do not dispute the documents' authenticity."[16] The Petition refers to an agreement between the parties, the bill of lading is central to the claims at issue, and the Bleythings do not dispute its validity. Thus, the Court considers the bill of lading.

The Petition in conjunction with the undisputed bill of lading demonstrate that A-1 acted as an agent for NAVL in the performance of household goods transportation services, and the Bleythings do not allege an independent basis for liability against A-1. Thus, under 49 U.S.C. § 13907, A-1 is not an appropriate defendant.

*Conclusion*

Accordingly, the Court **GRANTS in part** and **DENIES in part** the Motion (Dkt. 6). The Court **GRANTS** the Motion as to Plaintiffs' state-law claims and their claims

---

[14] *Werner v. Lawrence Transp. Sys., Inc.*, 52 F. Supp. 2d 567, 568–69 (E.D.N.C. 1998) (collecting cases); *see also*, *e.g.*, *Moore v. La Habra Relocations, Inc.*, 501 F. Supp. 2d 1278, 1280 (C.D. Cal. 2007) (collecting cases).

[15] N. Am. Van Lines Bill of Lading and Freight Bill (Dkt. 6-1, Ex. 1).

[16] *Jacobsen v. Deseret Book Co.*, 287 F.3d 936, 941 (10th Cir. 2002); *Gee v. Pacheco*, 627 F.3d 1178, 1186 (10th Cir. 2010) (collecting cases).

against Defendant A-1 and **DISMISSES** them, and it **DENIES** the Motion as to the Bleythings' Carmack Amendment claim against NAVL.

    **IT IS SO ORDERED** this 27th day of September 2024.

_____
PATRICK R. WYRICK
UNITED STATES DISTRICT JUDGE