UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| 1) TIM BLEYTHING; and | ) | |
| 2) JAMIE BLEYTHING, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | Case No. <u>5:23-cv-00764-PRW</u> |
| v. | ) | |
| | ) | |
| 3) NORTH AMERICAN VAN LINE, INC. | ) | |
| 4) A-1 FREEMAN MOVING & | ) | |
| STORAGE, LLC., | ) | |
| | ) | |
| Defendants. | ) | |

**DEFENDANT NORTH AMERICAN VAN LINE, INC.'S ANSWER**

Defendant North American Van Line, Inc. ("NAVL")  for its answer to Plaintiffs Tim and Jamie Bleything' ("Plaintiffs" or the "Bleythings") Petition, states as follows:

1.      NAVL is without the knowledge and information sufficient to admit or deny the allegations contained in paragraph 1 of the Petition, and therefore denies them.

2.      NAVL admits the allegations contained in paragraph 2 of the Petition.

3.      NAVL admits the allegations contained in paragraph 3 of the Petition.

4.      NAVL admits the allegations contained in paragraph 4 of the Petition.

5.      NAVL is without the knowledge and information sufficient to admit or deny the allegations contained in paragraph 5 of the Petition, and therefore denies them.

6.      NAVL admits the allegations contained in paragraph 6 of the Petition.

7.      NAVL is without the knowledge and information sufficient to admit or deny the allegations contained in paragraph 7 of the Petition, and therefore denies them.

8.    NAVL is without the knowledge and information sufficient to admit or deny the allegations contained in paragraph 8 of the Petition, and therefore denies them.

9.    NAVL admits it agreed to act as a common carrier and "move certain personal property" from an address in Edmond, OK to an address in St. Augustine, as alleged in paragraph 9 of the Petition. As for any remaining allegations, NAVL is without the knowledge and information sufficient to admit or deny them, and therefore denies them.

10.    NAVL is without the knowledge and information sufficient to admit or deny the allegations contained in paragraph 10 of the Petition, and therefore denies them.

11.    NAVL admits the process of loading and transporting items began on September 7, 2021, as alleged in paragraph 11 of the Petition. As for any remaining allegations, NAVL is without the knowledge and information sufficient to admit or deny them, and therefore denies them.

12.    NAVL admits the delivery occurred on September 16, 2021 and the contract price was as stated in paragraph 12 of the Petition. As for any remaining allegations, NAVL is without the knowledge and information sufficient to admit or deny them, and therefore denies them.

13.    NAVL is without the knowledge and information sufficient to admit or deny the allegations contained in paragraph 13 of the Petition, and therefore denies them. NAVL expressly denies any liability as may be implied in this paragraph.

14.    NAVL is without the knowledge and information sufficient to admit or deny the allegations contained in paragraph 14 of the Petition, and therefore denies them. NAVL expressly denies any liability as may be implied in this paragraph.

15.     NAVL is without the knowledge and information sufficient to admit or deny the allegations contained in paragraph 15 of the Petition, and therefore denies them. NAVL expressly denies any liability as may be implied in this paragraph.

16.     NAVL adopts all responses to paragraphs 1-15 of the Petition.

17.     NAVL denies the allegations contained in paragraph 17 of the Petition.

18.     NAVL is without the knowledge and information sufficient to admit or deny the allegations contained in paragraph 18 of the Petition, and therefore denies them. NAVL expressly denies any liability as may be implied in this paragraph.

19.     To the extent necessary, NAVL denies all claim for judgment as found within Plaintiffs' WHEREFORE paragraph.

20.     NAVL adopts all responses to paragraphs 1-18 of the Petition.

21.     NAVL denies the allegations contained in paragraph 20 of the Petition.

22.     NAVL is without the knowledge and information sufficient to admit or deny the allegations contained in paragraph 21 of the Petition, and therefore denies them. NAVL expressly denies any liability as may be implied in this paragraph.

23.     To the extent necessary, NAVL denies all claim for judgment as found within Plaintiffs' WHEREFORE paragraph.

24.     NAVL further denies all allegations contained in the Petition which are not specifically admitted or denied above.

## AFFIRMATIVE DEFENSES

1.     The allegations contained in Plaintiffs' Petition fail to state a claim upon which relief can be granted.

2.      Any damages allegedly suffered by the Plaintiffs were caused by the acts or omissions of parties other than the Defendant, for which Defendant is not responsible.

3.      Defendant denies that any act or omission to act on their part caused Plaintiffs to suffer damages.

4.      Defendant denies that any act or omission to act on its part caused or contributed to any injury to Plaintiffs.

5.      Plaintiffs' claims are preempted by 49 U.S.C § 14706, commonly known as the Carmack Amendment, and any damages and liability are bound by the requirements of the same.

6.      Plaintiffs alleged state law claims are preempted by 49 U.S.C. § 14501, and any damages and liability are bound by the requirements of the same.

7.      Plaintiffs have failed to mitigate their alleged damages.

8.      Plaintiffs' own negligence proximately caused or contributed to their alleged damages, and such negligence is comparatively greater than the alleged acts of negligence committed by Defendant, and greater than the combined negligence of the Defendant. Plaintiffs are, therefore, precluded from recovery by Oklahoma law.

9.      Plaintiffs' recovery, if any, should be reduced pursuant to the fault, responsibility or causation of others.

10.      Discovery being incomplete, Defendant reserves the right to amend its Answer or to add any additional affirmative defense as more information becomes available through the discovery process and pursuant to the Federal Rules of Civil Procedure.

WHEREFORE, having answered and set forth its affirmative defenses, Defendant North American Van Line, Inc. requests that judgment be entered in its favor and against Plaintiffs on Plaintiffs' claims, and that Defendant be awarded all other relief to which it is entitled at law and in equity.

Respectfully submitted,

DOERNER, SAUNDERS, DANIEL
    & ANDERSON, L.L.P.

/s/Stuart D. Campbell
Stuart D. Campbell, OBA #11246
700 Williams Center Tower II
Two West Second Street
Tulsa, Oklahoma 74103-3522
Telephone 918-582-1211
Facsimile 918-591-5360
scampbell@dsda.com

Kaylee Davis-Maddy, OBA No. 31534
210 Park Avenue, Suite 1200
Oklahoma City, OK 73102
Telephone (405) 319-3513
Facsimile (405) 319-3524

*Attorneys for Defendant North American Van Line, Inc.*

## <u>CERTIFICATE OF SERVICE</u>

The undersigned hereby certifies that on November 15, 2024, a true and correct copy of the foregoing document was served upon the following via the Court's electronic notification system, electronic mail, and/or U.S. Mail, postage prepaid:

> Alan W. Bardell
> Tanner B. France
> HAYES MAGRINI GATEWOOD
> 1220 N. Walker Avenue
> Oklahoma City, OK 73103
> Telephone: 405-235-9922
> Facsimile: 405-235-6611
> Email:  abardell@hmglawyers.com
>         tfrance@hmglawyers.com

> */s/Stuart D. Campbell*
> *Attorneys for Defendant North American Van Line, Inc.*

6