**IN THE UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| 1) TIM BLEYTHING; and, )<br>2) JAMIE BLEYTHING, )<br>　　　　　　　　　　　　　　　)<br>　　　　　　Plaintiffs, )<br>　　　　　　　　　　　　　　　)<br>v. 　　　　　　　　　　　　　　　)<br>　　　　　　　　　　　　　　　)<br>3) NORTH AMERICAN VAN LINE, INC. )<br>4) A-1 FREEMAN MOVING & 　　　　)<br>　　STORAGE, LLC., 　　　　　　　)<br>　　　　　　　　　　　　　　　)<br>　　　　　　Defendants. 　　　)  | Case No. 5:23-cv-00764-PRW |

**JOINT STATUS REPORT AND DISCOVERY PLAN**

Date of Conference:  February 5, 2025

Appearing for Plaintiff:　　Alan W. Bardell

Appearing for Defendant:　Kaylee Davis-Maddy

**Jury Trial Demanded X  -  Non-Jury Trial ☐**

1.　**BRIEF PRELIMINARY STATEMENT**.  State briefly and in ordinary language the facts and positions of the parties to inform the judge of the general nature of the case.

In 2021, the Bleythings resided in Edmond, Oklahoma. Sometime September 2021, the Bleythings purchased a home in St. Augustine, Florida, which necessitated moving their personal property across the country. As a result, the Bleythings a hired a professional moving service to effectuate their move.

The Bleythings entered into an agreement with North American Van Lines, Inc. ("NAVL"), wherein NAVL agreed to move certain personal property belonging to the

Bleythings from their residence in Edmond, Oklahoma to their residence located in St. Augustine.

On or around September 7, 2021, NAVL began the process of loading and transporting the Bleythings' personal property to the Bleythings' St. Augustine home. On or around September 16, 2021, NAVL completed delivery of the Bleythings' personal property. The Bleythings were charged approximately $37,484.15 for packing and transportation services provided by NAVL.

The Bleythings claim that approximately eighteen items of personal property had been broken or destroyed while in the possession of NAVL. The Bleythings further allege that Defendants had failed to deliver numerous bottles of rare liquor, which were valued at over $1,300.00. The Bleythings allege they have sustained damage in an amount in excess of $18,589.00.

In accordance with the contract and as required under the Carmack Amendment (49 U.S.C. § 14706), the Bleythings had nine months to make a claim against NAVL. The Bleythings made a statement of claim on February 6, 2022 for various items claimed to be damaged or missing. On April 13, 2022, the Bleythings provided an "Addendum" to their statement of claim, providing additional details and adding the allegation regarding the bottles of liquor. The Bleythings made a third and fourth supplemental claim on June 22, 2022 and July 21, 2022, respectively. As required, NAVL investigated the claim and provided a settlement value of $2,090.00 for all timely claims. The Bleythings deposited this settlement check. Thereafter, the Bleythings filed the instant

action in the District Court of Oklahoma County alleging negligence and conversion claims against NAVL and A-1 FREEMAN MOVING & STORAGE, LLC. On or around August 30, 2023, Defendants removed the instant action to this Court on basis of federal question jurisdiction. Specifically, Defendants alleged that the instant action and NAVL's liability is governed exclusively by the 49 U.S.C. § 14706 (commonly referred to as the "Carmack Amendment").

On or around September 6, 2023, NAVL filed a Motion to Dismiss alleging that Plaintiffs' state law claims are preempted by the Carmack Amendment; and thus, should be dismissed.

Plaintiffs contented that they pled facts sufficient to support a claim under the Carmack Amendment. This Court found that the Plaintiffs' can pursue a claim under the Carmack Amendment as its sole remedy. The Court also dismissed A-1 FREEMAN MOVING & STORAGE, LLC, leaving the parties remaining as the Bleythings and NAVL.

2. **JURISDICTION**.   State the basis on which the jurisdiction of the Court is invoked and any presently known objections.

The Court has jurisdiction over this lawsuit under federal question jurisdiction – 49 U.S.C. § 14706(commonly referred to as the "Carmack Amendment"). No party objects to the Court's jurisdiction.

3. **STIPULATED FACTS**.  List stipulations as to all facts that are not disputed, including jurisdictional facts.

Presently, the Parties stipulate to the following:

    a.    The parties agree that venue is proper in this Court.

4. **CONTENTIONS AND CLAIMS FOR DAMAGES OR OTHER RELIEF SOUGHT**.

    a.    <u>Plaintiff</u>:

    The Bleythings has sustained significant damage including but not limited to property damage, in the amount of $18,589.00.

    b.    <u>Defendants</u>:

    Defendants deny the contention of the Bleythings and further state that any alleged damages have been satisfied through the settlement check deposited by the Bleythings

5. **APPLICABILITY OF FED. R. CIV. P. 5.1 AND COMPLIANCE**.
Do any of the claims or defenses draw into question the constitutionality of a federal or state statute where notice is required under 28 U.S.C. § 2403 or Fed. R. Civ. P. 5.1?
    ☐ Yes  X No

6. **MOTIONS PENDING AND/OR ANTICIPATED** (include date of filing, relief requested, and date responsive brief to be filed).

None at this time.

7. **COMPLIANCE WITH RULE 26(a)(1)**. Have the initial disclosures required by Fed. R. Civ. P. 26(a)(1) been made?  ☐ Yes    X No

If "no," by what date will they be made?

The Parties agree to make their initial disclosures on or before February 17, 2025.

8. **PLAN FOR DISCOVERY**.

    A.    The discovery planning conference (Fed. R. Civ. P. 26(f)) was held on January 28, 2025.

    B.    The parties anticipate that discovery should be completed within 8 months.

C.     In the event ADR is ordered or agreed to, what is the minimum amount of time necessary to complete necessary discovery prior to the ADR session? 3 months.

D.     Have the parties discussed issues relating to disclosure or discovery of electronically stored information, including the form or forms in which it should be produced, pursuant to Fed. R. Civ. P. 26(f)(3)(C)?

X Yes ☐ No

E.     Have the parties discussed issues relating to claims of privilege or of protection as trial-preparation material pursuant to Fed. R. Civ. P. 26(f)(3)(D)?

X Yes ☐ No

To the extent the parties have made any agreements pursuant to Fed. R. Civ. P. 26(f)(3)(D) and Fed. R. Civ. P. 502(e) regarding a procedure to assert claims of privilege/protection after production and are requesting that the court include such agreement in an order, please set forth the agreement in detail below and submit a proposed order adopting the same.

The parties agree that inadvertently produced privileged information is subject to claw-back pursuant to the Rules of Federal Procedure. To the extent the parties require a protective order, the parties will use an agreed-upon form.

F.     Identify any other discovery issues which should be addressed at the scheduling conference, including any subjects of discovery, limitations on discovery, protective orders needed, or other elements (Fed. R. Civ. P. 26(f)) which should be included in a particularized discovery plan.

    The Parties do not foresee any discovery issues that should be addressed at the scheduling conference at this time. The Parties agree to the discovery limitations provided in the Court's Local Rules and the Federal Rules of Civil Procedure. The Parties agree to enter into a protective order, if necessary, and will use an agreed form.

9. **ESTIMATED TRIAL TIME**:  2 days, provided a fact issue exists barring dispositive relief.

10. **BIFURCATION REQUESTED**: ☐ Yes  X No

11. **POSSIBILITY OF SETTLEMENT**:  ☐ Good  X Fair ☐ Poor

12. **SETTLEMENT AND ADR PROCEDURES**:

  A. Compliance with LCvR 16.1(a)(1) - ADR discussion:  X Yes  ☐ No

  B. The parties request that this case be referred to the following ADR process:

    ☐ Court-Ordered Mediation subject to LCvR 16.3
    ☐ Judicial Settlement Conference
    X Other – the Parties anticipate a mediation with an agreed-upon mediator
    ☐ None - the parties do not request ADR at this time.

13. Parties consent to trial by Magistrate Judge?  ☐ Yes  X No

14. Type of Scheduling Order Requested.  X Standard -  ☐ Specialized (If a specialized scheduling order is requested, counsel should include a statement of reasons and proposal.)

  Submitted this _____ day of _____.

*s/ Alan W. Bardell*
Alan W. Bardell, OBA No. 17415
Tanner B. France, OBA No. 33171
1220 North Walker
Oklahoma City, Oklahoma 73103
Telephone:   (405) 235-9922
Facsimile:   (405) 235-6611
E-Mail:      abardell@hmglawyers.com
             tfrance@hmglawyers.com

*Attorneys for Plaintiffs, Tim and Jamie Bleything*

*/s Kaylee Davis-Maddy*
Stuart D. Campbell, OBA No. 11246
Doerner, Saunders, Daniel & Anderson, L.L.P.
700 Williams Center Tower II
Two West Second Street
Tulsa, Oklahoma 74103-3522
Telephone: 918-582-1211
E-Mail: scampbell@dsda.com

Kaylee Davis-Maddy, OBA No. 31534
210 Park Avenue, ,Suite 1200
Oklahoma City, OK 73102
Telephone: 405-319-3513
E-Mail: kmaddy@dsda.com

*Attorneys for Defendant North American Van Lines, Inc.*